UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
DISTRICT OF COLUMBIA,           )
                                )
    Plaintiff/Counter-Defendant, )
                                )
v.                              )    Civil Action No. 13-1008 (PLF)
                                )
GREGORY MASUCCI, *et al.*,      )
                                )
    Defendants/                 )
    Counter-Claimants.          )
_____ )

## MEMORANDUM OPINION AND ORDER

In this case, the District of Columbia brings an appeal under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, of a hearing officer's decision relating to M.M., a special needs child. Defendants Gregory Masucci and Maya Weschler, as parents and next friends of M.M., have filed a counter-claim. This matter is now before the Court on defendants' motion for leave to submit additional evidence. For the reasons set forth below, the Court will grant the defendants' motion.[1]

A party "aggrieved by" a hearing officer's decision may seek review in either state or federal court. 20 U.S.C. § 1415(i)(2)(A). During its review, the district court "shall

---

[1] The papers reviewed in connection with the pending motion include the following: the complaint [Dkt. No. 1]; the administrative record ("AR") [Dkt. No. 7-1 to 7-9]; the hearing officer's decision [Dkt. No. 7-6 at 898-933]; defendants' motion for leave to file additional evidence [Dkt. No. 13]; the evaluation prepared by Dr. Annie McLaughlin [Dkt. No. 13-1]; photographs and affidavits relating to an injury to M.M.'s arm [Dkt. No. 13-2]; letters relating to M.M.'s enrollment at Ivymount School [Dkt. No. 13-3]; the August 19, 2013 report relating to M.M.'s progress at Ivymount School [Dkt. No. 13-4]; the District's opposition to defendants' motion ("Opp'n") [Dkt. No. 12]; and defendants' reply [Dkt. No. 14].

receive the records of the administrative proceedings . . . [and] shall hear additional evidence at the request of a party[.]" 20 U.S.C. § 1415(i)(2)(C). Although the IDEA states that a reviewing court "shall" hear additional evidence, a court has broad discretion to accept or reject proffered additional evidence. Reid ex. rel. Reid v. District of Columbia, 401 F.3d 516, 521-22 (D.C. Cir. 2005); see also Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch., 565 F.3d 1232, 1241 (10th Cir. 2009) (noting that a federal court proceeding "must maintain the character of review and not rise to the level of a *de novo* trial") (internal quotation omitted). In determining whether to consider additional evidence, "[t]he reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." Town of Burlington v. Dep't of Educ. for Commonwealth of Mass., 736 F.2d 773, 790 (1st Cir. 1984) *aff'd sub nom.*, Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass., 471 U.S. 359 (1985).

Defendants request that the Court consider the following additional evidence not reviewed by the hearing officer: (1) a July 15, 2013 independent educational evaluation of M.M. prepared by Annie McLaughlin, Ph.D.; (2) photographs of and affidavits relating to an injury to M.M.'s arm, allegedly sustained at Tyler Elementary School; (3) letters documenting M.M.'s admission to and enrollment at Ivymount School; and (4) an August 19, 2013 report pertaining to M.M.'s progress at Ivymount. All of these items either were unavailable during the administrative hearing or were excluded by the hearing officer.

The District opposes the introduction of this evidence on the ground that it is irrelevant to the issues on appeal. See Opp'n 8-10. The Court disagrees. Among the issues raised in the defendants' due process complaint is the appropriateness of the individualized education programs ("IEPs") designed for M.M. See HOD 5 (AR 902). Three pieces of evidence that defendants seek to introduce – the psychological evaluation completed after the due process hearing, the evidence of injury allegedly sustained by M.M. at Tyler Elementary School, and M.M.'s progress report from Ivymount – relate to this question of whether M.M.'s IEPs were appropriate and which educational placement is appropriate.[2] The fourth piece of evidence that the defendants seek to introduce – evidence of enrollment at Ivymount – is relevant to the Court's evaluation of potential equitable relief and its consideration of M.M.'s placement during these proceedings.

Moreover, the limited evidence offered by the defendants is "merely supplemental to the administrative record." Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch., 565 F.3d at 1241. Its consideration will not threaten "the character of review" or lead to "a *de novo* trial." Id. The Court therefore will consider the additional evidence to the extent that is necessary to resolve the issues in this case.

---

[2] The hearing officer excluded evidence of injury to M.M. on the ground that it should instead be raised in another due process complaint. Order, AR 895-96 ("Any alleged events subsequent to the date the due process complaint was filed in this matter, that may be the basis of [a] due process hearing, can be asserted with [the] filing of another due process complaint, and will not be included as part of the current due process hearing."). To the extent that this evidence is offered only for the purpose of determining whether M.M.'s IEPs were appropriate, the Court finds that it is relevant to the issues raised on appeal and properly considered here. The District suggests that consideration of this evidence would violate other rules, but provides no further argument. Opp'n 9-10. The Court will disregard this evidence to the extent that it finds that its consideration would be inconsistent with other evidentiary rules.

Accordingly, it is hereby

ORDERED that [Dkt. No. 13] the motion of Gregory Masucci and Maya Weschler for leave to submit additional evidence is GRANTED.

SO ORDERED.

DATE: January 30, 2014

/s/_____
PAUL L. FRIEDMAN
United States District Judge